IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALEXANDER JIGGETTS                     *

Plaintiff                              *

v                                      *        Civil Action No. JFM-11-1872

MARS SUPERMARKET, *et al.*             *

Defendants                             ****

## MEMORANDUM

Pending is defendants' motion to dismiss for failure to state a claim. ECF No. 12 and 13. Plaintiff Alexander Jiggetts ("Jiggetts") opposes the motion. ECF No. 16. Defendants have filed a reply. ECF No. 20. Upon review of the papers filed, the court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2011).

### Background

The complaint was initially filed as a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. ECF No. 1. Jiggetts alleges improper "restraints" were placed on him by Mars Supermarket ("Mars") representative Michael McGowan. He claims the Baltimore County Police came to the store and discriminated against him while he was shopping. McGowan allegedly took Jiggetts' picture with his personal cell phone and screamed at him to get out of the store and never come back. Jiggetts states that McGowan banned him from all Mars stores without a legal reason and explains that even though he was arrested, he was not arrested until he left the store. Jiggetts claims McGowan told him he was forwarding his picture to all Mars stores to warn them. He states McGowan's true purpose was to discriminate against him on the basis of his race. Jiggetts alleges that banning him from Mars is a violation of the Civil Rights Act of 1964 as well as his constitutional rights. He seeks an annulment of a trespass charge and an order removing any restrictions from his entrance into Mars or its property. ECF No. 1 at p. 4.

The petition was construed as a civil rights complaint in light of the fact that Jiggetts was not incarcerated or otherwise confined. ECF No. 2. Jiggetts was directed to supplement the pleading and advised that the conduct of private individuals may only form the basis of a constitutional claim in limited circumstances. *Id.* In his supplemental complaint Jiggetts claims that the ban from Mars' stores was in violation of a three-year injunction placing the agents of Mars in contempt. ECF No. 7 at p. 3. Jiggetts further claims that Mars is responsible for him being harassed in other stores and on the sidewalk. He states that his efforts to settle this matter were unsuccessful and that "Mars should just man up and compensate [him] for numerous psychological and physical damages." *Id.* Jiggetts further states that he was put in jail where he was tortured and forced to strip naked "at least three times in jail," which could have been avoided if Mars had intervened on his behalf and said he "is a faithful shopper." *Id.* at p. 4.

Defendants assert that the complaint is subject to dismissal because Jiggetts has failed to establish state action in the context of removing him from a Mars store. ECF No. 13. Additionally, defendants state that Jiggetts frequently files frivolous lawsuits in an effort to extort money from large retail stores and reference a pending action in the District Court for Baltimore County against Best Buy. *Id.* at p. 6.

**Standard of Review**

Defendants seek to dismiss plaintiff's action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In reviewing the complaint, the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *See Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005); *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997); *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Rule 8(a)(2) of the Federal Rules of

Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.,* 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

The Supreme Court of the United States recently explained a "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Id.* at 1964. Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 1969. Thus, a complaint need only state "enough facts to state a claim to relief that is plausible on its face." *Id.* at 197.

## Analysis

In order to successfully assert a claim of constitutional rights violation, the defendant must be a state actor. Specifically, the person charged with the civil rights violation must be a state official; someone who has acted with a state official; someone who has obtained significant aid from a state official; or someone whose conduct is somehow attributable to the state. The defendants in the instant case are employees of Mars.

In limited circumstances seemingly private conduct can be the subject of a §1983 suit.

> [W]e have recognized four exclusive circumstances under which a private party can be deemed to be a state actor: (1) when the state has coerced the private actor to commit an act that would be unconstitutional if done by the state; (2) when the state has sought to evade a clear constitutional duty through delegation to a private actor; (3) when the state has delegated a traditionally and exclusively public function to a private actor; or (4) when the state has committed an unconstitutional act in the course of enforcing a right of a private citizen.

3

*DeBauche v. Trani*, 191 F. 3d 499, 507 (4th Cir. 1999). "If the conduct does not fall into one of these four categories, then the private conduct is not an action of the state." *Andrews v. Federal Home Loan Bank of Atlanta*, 998 F.2d 214, 217 (4th Cir. 1993).

Jiggetts has failed to establish that the conduct of Mars or its employees satisfies the four part test set out above. The claim that Jiggetts was arrested when he left the store because of the failure to intervene on his behalf is not enough to transform defendants' conduct into official state conduct. To the extent that a loss prevention officer, McGowan, took Jiggetts picture and banned him from the store, nothing supports a conclusion that these acts were done on behalf of the Baltimore County Police or another state actor. Jiggetts conclusory claim that he was banned from the store on the basis of his skin color is completely unsupported by any factual allegations that would lead a reasonable person to believe discriminatory conduct had taken place. Defendants' motion to dismiss will be granted.

Jiggetts is no stranger to this court. He has filed numerous claims some of which concern various businesses. In some instances alleges employees of the businesses sued have abridged his rights. In other instances he complains about expired criminal convictions. The allegations raised by defendants in this case that Jiggetts attempts to extort money from businesses by filing frivolous lawsuits against them is troubling. The instant case appears to be a valid example of this alleged tactic. Jiggetts is forewarned that if it becomes apparent that he is attempting to use the judicial process for purposes of extorting undeserved monetary gain from area businesses or other named defendants, appropriate sanctions will be imposed.

__November 16, 2011_____       ___/s/_____  
Date      J. Frederick Motz  
     United States District Judge